Richard W. Ward
6860 N. Dallas Pkwy., Suite 200
Plano, TX 75024
Attorney for Universal Nutrients, LLC and
Proposed Attorney for Universal
    Group Holdings, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

IN RE:

    Universal Nutrients, LLC                     Case no. 14-43070-mxm-11

    Universal Group Holdings, LLC         Case no. 14-44414-rfn-11

**MOTION FOR JOINT ADMINISTRATION OF CASES**

TO: THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

    COMES NOW Universal Group Holdings, LLC and Universal Nutrients, LLC who file this Motion for Joint Administration of Cases and respectfully represent:

**Jurisdiction and Venue**

    1.    The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

    2.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    3.    The authority for the relief requested herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and section 105(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code").

    4.    On August 5, 2015 (the "Petition Date"), Universal Nutrients, LLC ("Nutrients") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The case was assigned number 16-43070-mxm-11.  Nutrients is operating its business and managing its properties as debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.  No trustee

or examiner has been appointed, and no official committee of creditors or equity interest holders has been established in Nutrients bankruptcy case.

5. Universal Group Holdings, LLC ("UGH") is the debtor in possession in this case. UGH owns one hundred percent (100%) of the membership interests in Nutrients. UGH has no operations other than management of the membership interests in Nutrients.

6. At the time that Nutrients filed its bankruptcy case, there were no pending actions against UGH and based on the absence of disputes involving UGH and the lack of operations for UCH a determination was made that a separate case should not be filed for UGH at the same time that the Nutrients bankruptcy case was filed. Nutrients filed for Chapter 11 relief under the Bankruptcy Code in an effort to maximize the value of its estate for all constituents, including unsecured creditors and UGH, as the sole equity interest holder. The Debtors hope to reach a consensual resolution with their creditors and equity holders to restructure their debt and capital structure and in particular to allow Nutrients to stabilize its business, restore and increase its sustainable sales and propose a plan of reorganization.

**Relief Requested**

7. By this motion, the Debtors request entry of an order authorizing joint administration of their Cases for procedural purposes, with the case of Nutrients as the lead case.

**Basis for Relief Requested**

8. Bankruptcy Code § 105 provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

9. Bankruptcy Rule 1015(b) provides, in relevant part, that: "[i]f… two or more petitions are pending in the same court by or against … (4) a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliate[s]" as that term is

defined in Bankruptcy Code § 101(2).  Under Local Bankruptcy Rule 1015-1, this motion is to be determined by Judge Mark X. Mullin because the first case filed, Universal Nutrients, LLC, was assigned to Judge Mullin.

10. Consistent with the practices of this district and other districts, if the Court authorizes joint administration, the number of the lowest numbered bankruptcy case is to be captioned first and the caption of the lowest numbered case is to serve as the identifying caption. In order to optimally and economically administer these pending Cases, these Cases should be jointly administered, for procedural purposes, under the case number assigned to Universal Nutrients, LLC. 11. The rights of the respective creditors of the Debtors will not be adversely affected by joint administration of these Cases because this motion requests only administrative consolidation of the estates and the Debtors are not by this Motion seeking substantive consolidation.

11. The Debtors request that single docket sheets be maintained for all matters occurring in these Cases, and that they be authorized, but not required, to use combined service lists and notices to creditors.  Notwithstanding the entry of an order granting the relief requested by this Motion, separate claims registers shall be maintained and each creditor shall file a proof of claim against a particular Debtor's estate.  Thus, the rights of all creditors will be enhanced by the reduced costs resulting from joint administration.  This Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files.  Finally, supervision of the administrative aspects of these Cases by the Office of the United States Trustee will be simplified.

12. By reason of the foregoing, the interests of the Debtors and their creditors would be best served by joint administration of the above-captioned Cases.  Accordingly, the Debtors

request that the caption of their Cases be modified to reflect the joint administration of the Cases, as follows:

> IN THE UNITED STATES BANKRUPTCY COURT
> FOR THE NORTHERN DISTRICT OF TEXAS
> FORT WORTH DIVISION
>
> IN RE:
> UNIVERSAL NUTRIENTS, LLC, ET AL.     CASE NO. 16-43070-mxm-11
>     Debtors                          Jointly Administered
>                                      (Chapter 11).

13. The Debtors also request that the Clerk of Court enter the following notation on the docket of each of the Debtors' Cases to reflect the administration of the Cases:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Universal Nutrients, LLC (16-43070-mxm-11) and Universal Group Holdings, LLC (16-44414-rfn-11) and the docket sheet for Universal Nutrients, LLC should be consulted for all matters affecting these jointly administered cases.

14. The Debtors further request that: (a) a single docket sheet shall be maintained for all matters occurring in these cases, however, separate claims registers shall be maintained and each creditor shall file a proof of claim against a particular Debtors' estate; (b) a combined service list shall be used; and (c) combined notices to creditors of the estates shall be used.

15. Notice of this Motion has been given to all parties on the Special Notice List in the Nutrients case and those persons listed on the mailing matrix in the UGH case. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, each of the Debtors request that the Court enter an order, substantially in the form submitted herewith, (a) authorizing the joint administration of the Universal Nutrients,

LLC and Universal Group Holdings, LLC under the case of Universal Nutrients, LLC and (b) granting such other relief as the Court deems just and proper.

        Respectfully submitted,

        /s/ Richard W. Ward
        Richard W. Ward
        Texas Bar No. 20846350
        6860 N. Dallas Parkway, Suite 200
        Plano, TX 75024
        Telephone: 214-220-2402
        Facsimile: 972-499-7240
        Email: rwward@airmail.net
        Attorney for Universal Nutrients, LLC an
        Proposed Attorney for Universal Group
        Holdings, LLC

**Certificate of Service**

    I certify that this motion will be served on all parties listed on Exhibit A and on the parties listed on the Master Service List in this case on November 21, 2016. Service on parties listed on Exhibit A was effected by certified mail, return receipt requested.

        /s/ Richard W. Ward
        Richard W. Ward

**Certificate of Conference**

    I discussed the foregoing consolidation with Joe Marshall, the counsel for Exeter International, LLC, the secured creditor of Universal Nutrients, LLC and the largest creditor of Universal Group Holdings, LLC, and Exeter International, LLC agrees to the relief requested. By email, counsel for Sparcet, James W. Billingsley stated that Sparcet does not oppose the requested relief. I have not spoke with other parties in either of the cases.

        /s/ Richard W. Ward
        Richard W. Ward